David McComb, Appellee, v. Esther McComb, Appellant.

Gen. No. 13,965.

DELIVERY—*when presumptions will aid.* Where a voluntary settlement of property rights is made between husband and wife upon the eve of a contemplated desertion, the delivery of a deed of property included in such settlement will be deemed absolute.

Divorce. Appeal from the Superior Court of Cook county; the Hon. WILLARD M. McEWEN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Reversed in part and affirmed in part. Opinion filed May 1, 1908.

FRANCIS E. CROARKIN, for appellant.

JAMES B. DEVITT, for appellee; ROBERT W. DUNN, of counsel.

MR. JUSTICE SMITH delivered the opinion of the court.

The original bill in this case was filed by appellee, David McComb, against appellant, charging desertion, and that the complainant executed and delivered to appellant a warranty deed of lot three and the south thirty feet of lot two in block thirty-seven in the subdivision known as Rogers Park, and other property, in trust for the complainant, upon the express agreement on the part of appellant that the deed was not to be recorded or used by her and the property conveyed was not to be hers in fact unless the complainant should not survive the illness with which he was then afflicted, and in case the complainant recovered the deed was to be returned to the complainant and cancelled and rendered null and void. The bill prays for a divorce and a reconveyance of the property.

Esther McComb answered the bill denying the desertion, and that the deed was made in trust to her upon the agreement set out in the bill. The answer sets up various acts of cruelty by appellee to ap-

pellant, and that in October, 1902, appellee deserted and abandoned appellant; it also averred that said deed was executed and delivered to her unconditionally August 30, 1902, and that appellee stated to her at the time the said deed was delivered to her that he was going to leave her and that he had not treated her properly, and that the property so conveyed to her would partly pay her for the time she had lost and the money she had advanced on his account, and that it was the best he could do for her; also stating that he would keep the other property which he had formerly owned, and the bank account for himself.

Appellant filed a cross-bill charging extreme and repeated cruelty and desertion, and prayed for a divorce and for alimony and solicitor's fees. Appellee answered the cross-bill denying the charges. Replications were filed, and after hearing the court entered a decree dismissing the original bill for want of equity, and granting a divorce to appellant on her cross-bill on the ground of desertion. The decree makes certain findings as to the ownership of certain real estate therein described and decrees as to the separate ownership thereof, and that appellant take certain lots in lieu of any dower, and further that appellant make conveyance of lot three and the south thirty feet of lot two, of block thirty-seven of Rogers Park, in section thirty-one, township forty-one north, range fourteen east of the third principal meridian, to appellee, free and clear from all dower or other rights or interest of appellant.

No cross errors are assigned upon the record, and appellee insists in argument that the decree should be affirmed. Appellant, on the other hand, insists that the evidence warranted a decree in favor of appellant, on the ground of extreme and repeated cruelty. While it may be conceded that there is evidence in the record tending to sustain the averments of the cross-bill as to the cruelty therein charged, we do not think appellant has any substantial ground of complaint because the divorce is granted upon the ground of desertion alone.

She prayed for a divorce from appellee and the decree gives her a divorce, on one of the grounds alleged in the cross-bill and shown by the evidence. The decree should not be disturbed, in our opinion, on this ground.

It is urged that the part of the decree which orders appellant to convey to appellee said lot three and the south thirty feet of lot two of block thirty-seven of Rogers Park subdivision, is erroneous on the ground that the evidence does not support the decree in this particular.

From a careful examination of the evidence in the record, we are of the opinion that the contention of appellee in his pleadings and his testimony that the deed of August 30, 1902, by which the Rogers Park property above described was conveyed to appellant, was made and delivered to appellant in trust for appellee, and upon the express agreement stated in the original bill of complaint, is not sustained by the evidence. On the other hand, we think the deed was made and the property therein described was conveyed absolutely and free of any conditions to appellant as stated in appellant's answer to the original bill. At the time appellee executed and delivered the deed appellee intended to desert appellant; and he at that time thought that by conveying to her the pieces of property described in the deed he was making an equitable division of their property, to the purchase of which they had both contributed. The evidence shows that when they were married appellant had a home fully paid for which they occupied most of the eight years in which they lived together as husband and wife. It appears that by keeping boarders and doing other work appellant earned a considerable amount of money which was used in making payments on appellee's property which had been purchased but not fully paid for at the time of their marriage. In addition to furnishing a home to live in, it is claimed, and the evidence tends to show, appellant contributed

upwards of one thousand dollars to the general fund which was used in paying off appellee's indebtedness existing at the time of their marriage, and incurred by him for the purchase of vacant property. When the conveyance in question was made, appellee retained other real estate and the money he had in bank, and he had this money and property when he left appellant in October, 1902.

The conveyance of the property described in the deed of August 30, 1902, was, we think, under the circumstances appearing in evidence, in the nature of a voluntary settlement made by appellee for the benefit of his wife when he intended to leave and desert her, and all the presumption in such cases as to delivery of the deed must be indulged. Shields v. Bush, 189 Ill. 543, and cases there cited. The settlement of this property upon appellant was voluntarily made and is binding upon appellee. We see in the record no reason, therefore, for the provision of the decree requiring appellant to convey the Rogers Park property to appellee.

Another ground for holding this provision of the decree erroneous appears in the pleadings and the decree itself. The decree dismisses the original bill of appellee for want of equity. When the decree was entered there was no pleading ·upon which to found or base this part of the decree.

That part of the decree ordering and decreeing that appellant convey to appellee lot three and the south thirty feet of lot two of block thirty-seven of Rogers Park in section thirty-one, township forty-one north range fourteen east of the third principal meridian, in Cook county, State of Illinois, is reversed, set aside and held for naught, and the remainder of the decree is in all respects affirmed. · Appellee is to pay all costs.

*Reversed in part and affirmed in part.*